IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| The Estate of Jane Doe 202, by HS, the personal representative of her Estate, | Case No. 2:23-cv-5139-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| City of North Charleston, et al., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 11) recommending that the Court grant Defendants' motion to dismiss (Dkt. No. 5). For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants Defendants' motion to dismiss.

I. **Background and Relevant Facts**

According to the Complaint, this civil action arises out a "state court suit" that Jane Doe 202 ("Jane Doe") filed in 2014, wherein she "could not get the state created danger cause of action fully litigated in that action." (Dkt. No. 1 at 2.) "In that case, the trial court directed a verdict on the state created danger cause of action." (*Id.*) Jane Doe passed away during the appeals process, and "her estate was substituted as a party." (*Id.*) According to the Complaint, "[t]he South Carolina Court of Appeals declined to rule on the state created danger issue identified in the appeal." (*Id.*) "Jane Doe's estate petitioned for certiorari on two issues, one of which was the state created danger issue." (*Id.*) The Complaint alleges that the South Carolina Supreme Court only heard "the other issue in the petition" and ruled on September 29, 2023, "without considering or ruling on the state

created danger issue." (*Id.* at 2–3.)[1] The Complaint alleges this "action is filed because the state courts of South Carolina would not 'allow full litigation of a constitutional claim,' and were 'unable or unwilling to protect federal rights' as expressed in *Allen v. McCurry*, 449 U.S. 90 (1890)." (*Id.* at 3.) Based on the foregoing, the Complaint alleges "the estate of Jane Doe 202 [has] the right to file this action in the federal court." (*Id.*).

The Complaint alleges a cause of action for "state created danger" pursuant to 42 U.S.C. §§ 1981 and 1983 and provides factual allegations supporting this claim. (*Id.* at 16.) Specifically, the Complaint alleges that on March 27, 2014, the individual Defendant police officers encountered Jane Doe and her daughter at their house after responding to a 911 call. They eventually arrested Jane Doe's daughter, who was Jane Doe's "caregiver," and removed her from the residence, "leaving Jane Doe at her home, alone." (*Id.* at 5–13.) The Complaint alleges that these officers were aware, "or should have been aware, that Jane Doe had dementia and was unable to care for herself." (*Id.* at 13.) According to the Complaint, Defendants' conduct "violated Jane Doe's constitutional rights, caused injury to Jane Doe, and increased her risk of harm." (*Id.* at 20.) Plaintiff seeks injunctive relief and monetary damages. (*Id.* at 20–21.).

On December 27, 2023, Defendants filed a motion to dismiss. (Dkt. Nos. 5, 8). Plaintiff filed a response in opposition to Defendants' motion. (Dkt. No. 7).

---

[1] Defendants argue that Plaintiff "could have sought a writ of certiorari in the United States Supreme Court" challenging the South Carolina Supreme Court's denial of review of the dismissal of the state-created danger claim but choose not to. (Dkt. No. 13 at 6-7); S. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is fled with the Clerk within 90 days after entry of the order denying discretionary review."); *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) ("We can review . . . only judgments of a 'state court of last resort' or of a lower state court if the 'state court of last resort' has denied discretionary review.").

On February 27, 2024, the Magistrate Judge issued an R&R recommending that the Court grant Defendants' motion. (Dkt. No. 11 at 7) ("If Plaintiff is bringing a § 1983 claim based on the state-created danger doctrine, then his claim is barred by the applicable statute of limitations. If Plaintiff is bringing a § 1983 claim based on the violation of his due process rights in the state court proceedings, then his claim is barred under the *Rooker-Feldman* doctrine. Either way, this action should be dismissed.").

Plaintiff filed objections to the R&R to which Defendants filed a reply. (Dkt. Nos. 12, 13).

Defendants' motion is fully briefed and ripe for disposition.

## II. Legal Standards

### a. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendants' motion to dismiss should be granted.

First, the Magistrate Judge correctly concluded that to the extent Plaintiff is bringing a § 1983 claim for state-created danger, the lawsuit is clearly time barred. (Dkt. No. 11 at 4-5) (noting that the statute of limitations for Plaintiff's claim would be three years and the facts giving rise to this action occurred in 2014); (Dkt. No. 1 at 16) (specifically bringing a claim for state created danger under §§ 1981 and 1983). As the Magistrate Judge noted, Plaintiff concedes as much in his briefing. (Dkt. No. 7 at 11).

In his objections to the R&R, Plaintiff raises, for the first time, the argument that "tolling applies when a plaintiff states a claim under 42 U.S.C. § 1983 against a state subdivision and official acting under cover of state law but the state courts refuse to permit full and fair litigation for that federal claim by simply refusing to review the trial court ruling on the claim." (Dkt. No. 12 at 2). Because Plaintiff never raised such an argument in response to Defendants' motion to

dismiss, the argument is waived, and the Court need not consider it. *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620 (D.S.C. 2017).  Further, Plaintiff cites no case law clearly showing tolling is permitted in a factual scenario such as that present here. Accordingly, on the above two bases, Plaintiff's objection is overruled.

Second, the Court finds that the Magistrate Judge correctly concluded that the *Rooker-Feldman* doctrine bars, to the extent he is bringing one, Plaintiff's procedural due process claim. (Dkt. No. 11 at 5-9).  In his complaint, Plaintiff states the intent of his lawsuit is to challenge the fact that the South Carolina Court of Appeals and South Carolina Supreme Court "declined to rule" on the South Carolina trial court's directed verdict on Plaintiff's "state created danger cause of action." (Dkt. No. 1 at 2-3) ("Jane Doe 202 filed state court suit in 2014, but could not get the state created danger cause of action fully litigated in that action."). Taking judicial notice of the prior lawsuits in the R&R, the Magistrate Judge observed, "[the] Court of Appeals decision . . . discussed the state-created danger doctrine before 'affirm[ing] the trial court's grant of a directed verdict on Jane Doe's state-created danger theory of liability.' *Est. of Doe 202 by Doe MM v. City of N. Charleston*, 858 S.E.2d 814, 817–18 (S.C. Ct. App. 2021), *aff'd but criticized*, 893 S.E.2d 319 (S.C. 2023)."

In *Thana v. Bd. of License Commissioners for Charles Cnty., Maryland*, 827 F.3d 314, 320 (4th Cir. 2016) the Fourth Circuit Court of Appeals explained the *Rooker-Feldman* doctrine considering the Supreme Court's decision in *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

> The *Rooker–Feldman* doctrine followed from Congress' careful assignment of federal subject matter jurisdiction, allocating *original* jurisdiction to the district courts in, for example, 28 U.S.C. § 1330(a) (actions against foreign states), § 1331 (federal question jurisdiction), and § 1332(a) (diversity jurisdiction), while allocating *appellate* jurisdiction over final state court judgments to the Supreme Court in § 1257(a). The doctrine thus holds that "lower federal courts are precluded

> from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam). Thus, the *Rooker–Feldman* doctrine is narrow and focused, "confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 464, 126 S.Ct. 1198 (quoting *Exxon*, 544 U.S. at 284, 125 S.Ct. 1517).

*Thana*, 827 F.3d 314 at 318-19. *Exxon* clarified that, "rather than serving as preclusion by another name, '[t]he *Rooker–Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by *state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced* and inviting district court review and rejection of those judgments." *Id.* at 284.

The Court finds that the Magistrate Judge ably addressed the issues and found that Plaintiff's procedural due process claim is barred by *Rooker-Feldman*. (Dkt. No. 11 at 6) ("Here, by Plaintiff's own account, he will have to show that the state court committed procedural and/or substantive errors to succeed on his claim in this action."); (Dkt. No. 7 at 4, 7) ("We contend that the state Supreme Court failed to provide due process sufficient to reach the federal issue alleged in the state litigation . . . . It is the state appellate courts' failure to rule, rather than any state court ruling, which is complained of in this action."); *In re Keeler*, 273 B.R. 416, 421 (D. Md. 2002) ("There is no procedural due process exception to the Rooker–Feldman doctrine for the argument that there was not a fair opportunity to be heard on the merits in state court, nor for state judgments that do not qualify as final judgments on the merits."); *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); *Bolden v. City of Topeka, Ks.*, 441 F.3d 1129, 1143 (10th Cir. 2006) ("Appellate review—the type of judicial action barred

by *Rooker–Feldman*—consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with the law.").

Plaintiff filed objections to the R&R on this point, but they are overruled. At bottom, Plaintiff objects that he is "not complaining of 'injuries caused by state court judgments'" . . . [but] of the state courts rendering no judgment." (Dkt. No. 12 at 4). Such verbal linguistics, however, cannot extricate Plaintiff's claim from *Rooker-Feldman*'s application. *See, e.g.*, *In re Keeler*, 273 B.R. at 421; (Dkt. No. 13 at 6-7) (noting that Plaintiff could have sought certiorari with the U.S. Supreme Court of the South Carolina Supreme Court's denial of discretionary review of dismissal of Plaintiff's state-created danger claim but did not) (citing S. Ct. R. 13.1); *see also* (*id.* at 8) ("In sum, the Plaintiff's position remains contradictory. On one hand, she argues that the federal case is different than what was previously litigated in state court because she was injured by how the state court adjudicated the state-created danger claim, but then on the other hand, she argues the opposite – that the injuries claimed are not caused by the state-court judgment but rather by the actions of the Defendants. The Plaintiff simply cannot have it both ways.").

## IV.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 11) as the order of Court and **GRANTS** Defendants' motion to dismiss (Dkt. No. 5).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

March 22, 2024
Charleston, South Carolina